```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___
Ally W. Howell,

        Plaintiff,

   -v-                                  08-CV-6203

Citibank (South Dakota), N.A.,    **DECISION**
Michael C. Manniello, Peter T.    **AND ORDER**
Roach & Assoc., P.C., Discover Bank,
Leandre M. John, Cohen & Slamowitz,
L.L.P.,

        Defendants.
___

## INTRODUCTION

Plaintiff Ally W. Howell ("plaintiff"), proceeding *pro se*, brought this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, et seq. Specifically, plaintiff alleges that defendants Leandre M. John and Cohen & Slamowitz, L.L.P. ("defendants") violated §1692i(a) of the FDCPA by bringing a legal action on a debt outside a "judicial district or similar legal entity" in which plaintiff resides. Defendants have filed a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure on the basis that plaintiff's cause of action fails to state a claim upon which relief can be granted. Also for consideration is a motion filed by plaintiff to strike the affidavit filed by counsel for defendants in support of their motion to dismiss plaintiff's complaint.

For the reasons set forth below, the Court denies plaintiff's motion to strike and grants defendants' motion to dismiss.

**MOTION TO STRIKE**

Plaintiff initially claims that the affidavit of counsel is "[outside] the record." See Pls. Motion to Strike at 2. Moreover, plaintiff contends that on a motion to dismiss under Rule 12(b)(6), the "court is limited to the facts on the face of the complaint, incorporated by reference in the complaint, and matters of which the court may take judicial notice." See id. citing Allen v. West Point-Pepperill, Inc., 945 F.2d (2d cir. 1991).[1]

The Local Rules of the Western District of New York provide that a party moving to dismiss an action must submit with its "motion papers a memorandum of law and an *affidavit* in support of the motion[.]" See W.D.N.Y. Loc. R. Civ. P. 7.1(e) (emphasis supplied). Accordingly, contrary to plaintiff's contention, defendants were required to submit an affidavit in support of their motion to dismiss and have complied with the local rules of this Court. Thus, plaintiff's initial contention is without merit.

Further, in deciding a 12(b)(6) motion, the Court is confined to "the allegations contained within the four corners of the complaint." See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir.1998). However, the Court may examine "any written instrument attached to [the complaint] or any statements or

---

[1] By letter dated December 16, 2008, defendants argued that plaintiff's motion to strike the affidavit of counsel is "misplaced, erroneous and not based on either law or fact." See Defs. Letter Br. dated December 16, 2008. However, defendants were notified that this District does not allow parties to e-file letters electronically to the Court. All responses shall be in proper pleading format. See Local Rule 10(b). Defendants did not submit any other response.

documents incorporated in it by reference" as well as any document on which the complaint relies heavily. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir.2002); see also Rothman v. Gregor, 220 F3d 81, 88 (2d Cir. 2000) (A court reviewing a motion to dismiss may take judicial notice of and consider the contents of documents "integral to and explicitly relied on in the complaint"). "Of course, it may also consider matter of which judicial notice may be taken under Fed.R.Evid. 201." See Kramer v. Time Warner, Inc., 837 F.2d 767, 773 (2d Cir.1991).

Upon a review of the affidavit of defendants' counsel in support of their motion to dismiss, the Court finds that the statements made as set forth in the affidavit of counsel are "integral to and explicitly relied on in the Complaint." Accordingly, the Court finds that there is no basis in law or fact to strike the affidavit of counsel. Thus, the Court will consider the affidavit filed by counsel for defendants and plaintiff's motion to strike such affidavit is denied.

## MOTION TO DISMISS

### BACKGROUND

Plaintiff initiated this action by filing a Summons and Complaint in this Court on May 6, 2008. See Affidavit of Daniel R. Ryan ("Ryan Aff."), ¶5, Ex. A. Plaintiff is a resident of New York State, residing in the Town of Pittsford in Monroe County. See id., ¶6. In March 2007, defendants commenced a consumer credit civil

action against plaintiff in the Rochester City Court for less than fifteen thousand dollars. See id., ¶7-8. Plaintiff alleges that defendants violated 15 U.S.C. § 1692i(a) by initiating a consumer credit civil action in Rochester City Court. See Pls. Br. at 3. In addition, plaintiff claims that defendants urge the court to adopt an "overly technical and restrictive definition of the terms 'judicial district or similar legal entity.'" See id. Defendants contend that there has been no violation of 15 U.S.C. §1692i(a). See Defs. Br. at 4. Defendants argue that the Rochester City Court and Pittsford Town Court are both located within the 7th Judicial District. See id. Accordingly, defendants claim that plaintiff has failed to state a claim on which relief can be granted because the consumer credit civil action filed by defendants was filed in the same county, and "judicial district or similar legal entity" in which the plaintiff resides. See id. at 4-6.

## DISCUSSION

### I.  Defendants' Motion to Dismiss

A complaint may be dismissed pursuant to Rule 12(b)(6) where the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974 (2007); see also Iqbal v. Hasty, 2007 WL 1717803 at *11 (2d Cir.2007) (Twombly requires that a plaintiff satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those

4

contexts where such amplification is needed to render the claim plausible"). In order to state a claim, the factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level." See Twombly, 127 S.Ct. at 1965. Where a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." See id. at 1974. "A court should only dismiss a suit under Rule 12(b)(6) if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" See Valmonte v. Bane, 18 F.3d 992, 998 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In deciding a motion to dismiss under Rule 12(b)(6), the court's review is limited to the Complaint as well as those documents attached to the Complaint or incorporated by reference and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit. See Rothman, 220 F.3d at 88-89.

### II. "Judicial District or Similar Legal Entity"

The FDCPA states in pertinent part that "any debt collector who brings any legal action against any consumer shall ... bring such action in a judicial district or similar legal entity in which such consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action." See 15 U.S.C. §1692i(a)(2). Accordingly, under the FDCPA venue is proper in an

action by a debt collector only in the judicial district where the consumer resides or where the contract, if written, is signed. See id. Plaintiff contends that filing a claim in the same county in which she resides, but a different municipal district, i.e. Rochester City Court, violates 15 U.S.C. §1962i(a). See Pls. Br. at 3.

Defendants, however, argue that the legislative intent of the FDCPA venue clause is to limit forum abuse and to keep debt collectors from harassing debtors by filing claims in unreasonably distant or inconvenient locations, in the hopes that the debtor will be unable to appear. See Defs. Br. at 4. In addition, defendants claim that the Rochester City Court, where the claim was filed, and the Pittsford Town Court, the court in the municipality where plaintiff lives, are located only 7.5 miles apart. See id. Accordingly, defendants claim that given the short distance between the two courthouses, it is not their intent to harass plaintiff or to attempt to deny plaintiff her day in court by filing in a distant court. See id. Further, defendants contend that Rochester City Court and Pittsford Town Court are in the same judicial district. See id.

The Second Circuit has not specifically addressed the definition of "judicial district or similar legal entity." However, the lower courts have concluded that for purposes of the FDCPA, "judicial district," has been held to mean "county" when

determining whether a state court action has been filed in the proper judicial district. See Wiener v. Bloomfield, 901 F.Supp.771, 775-776 (S.D.N.Y.1995) (Court agreed with other courts in holding that the phrase "judicial district" in the venue provision of the FDCPA, 15 U.S.C. §1692i(a)(2) refers to the relevant county where the consumer resides or where the debt contract was signed); see also Newsom v. Friedman, 1995 WL 76869, at *2-5 (N.D.Ill.1995); Dutton v. Wolhar, 809 F. Supp. 1130, 1139 (D. Del.1992). Following Wiener and Newsom, as long as the action filed by defendants is filed in the same county in which plaintiff resides, there can be no violation of 15 U.S.C. §1692i(a). Here, defendants filed their consumer credit civil action in Rochester City Court, which is in Monroe County. Likewise, plaintiff resides in the Town of Pittsford, which is also in Monroe County. Because Rochester City Court and the Town of Pittsford are both located in Monroe County, defendants are not in violation of 15 U.S.C. §1692i(a). Thus, plaintiff's claims are dismissed as a matter of law.

Further, in Katz v. Asset Acceptance, LLC, 2006 WL 3483921 (E.D.N.Y.2006), the district court applied the same definition of "judicial district" as the Wiener court when it referred to "judicial district" as the relevant county where the consumer resides. Plaintiff, in that case resided in Kings County. However, the paralegal responsible for entering the consumer's data into the law firm's electronic filing system, asserted that she mistakenly

entered the incorrect venue code in the file as the result of an unintentional clerical error. As a result, a collection suit was filed in New York County against plaintiff. The court applied the bona-fide error defense and granted summary judgment for the law firm specializing in consumer debt collection where the consumer claimed that the law firm intentionally filed a collection suit against him in an improper venue in violation of 15 U.S.C. §1692i(a). The court found that the law firm claimed that at all times it intended to file collection suits in the county in which the consumer resided.

In addition, the court found that it was unlikely that the law firm filed the action in the venue selected to gain an unfair advantage over the consumer or to harass him, since the court in the county in which the law firm filed and the court located in the consumer's county were only 2.6 miles apart. Moreover, the court found that the law firm offered detailed evidence of firm policies and procedures that it had in place to avoid having collection suits filed in venues other than where the consumer resides. The court found that the consumer failed to rebut law firm's affidavits with anything but conclusory allegations that its actions were intentional. Thus, the court granted summary judgment in favor of the law firm.

In this case, the filing of a consumer credit civil action by defendants in Rochester City Court, instead of Pittsford Town Court

is also not forum abuse based on Katz. Like the Katz case, the two courts in question are located within several miles of each other. The distance between the courts, both in Katz and in the present case, does not present a substantial burden upon the debtor nor support the argument that the defendants were attempting to secure a default judgment by filing in a distant venue. The Court finds that defendants have not engaged in forum abuse and are not in violation of 15 U.S.C. § 1692i(a). Therefore, plaintiff's Complaint is dismissed as a matter of law for failure to state a claim under Rule 12(b)(6).

## CONCLUSION

For the reasons set forth above, plaintiff Ally W. Howell's motion to strike the affidavit filed by counsel for defendants Leandre M. John and Cohen & Slamowitz, L.L.P. in support of their motion to dismiss is denied. Further, defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is granted and plaintiff's Complaint is dismissed in its entirety with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                          s/Michael A. Telesca
                                          MICHAEL A. TELESCA
                                  United States District Judge

Dated:    January 21, 2009
           Rochester, New York